UNITED STATES of America

v.

DEMPSTER BROTHERS, INC., and George R. Dempster.

Civ. A. No. 4101.

United States District Court
E. D. Tennessee, N. D.

Feb. 21, 1962.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., for plaintiff.

Anderson & Snepp, Knoxville, Tenn., Swecker & Mathis, Washington, D. C., for defendants.

ROBERT L. TAYLOR, Chief Judge.

Defendant, George R. Dempster, has moved the Court pursuant to Rule 12(b) (6), F.R.Civ.P., 28 U.S.C.A., to dismiss the amended complaint for failure to state a claim upon which relief can be granted. This amended complaint was filed on January 3, 1962, which was the same day the first and only pre-trial was held. Very little, if any, discovery has been done due, or partly due, to a stay order that was entered on July 17, 1961. For one reason or another, there was no activity in the case until the pre-trial.

Certain propositions are to be considered in determining a motion to dismiss at the threshold of anti-trust litigation:

(a) The allegations of the complaint must be taken as true; and, if the ultimate facts alleged would justify relief, a motion to dismiss should be overruled.

(b) Fair notice of the claim and the grounds upon which it rests, must be set forth in the complaint to enable the party charged to adequately prepare for trial. (This does not mean that evidentiary facts must be pleaded in order for the complaint to withstand a motion to dismiss.)

(c) If the complaint contains sufficient information to put the defendant upon notice of the charges, he is required to defend.

(d) It is difficult to set forth in precise detail the facts claimed to violate the anti-trust statutes.

(e) The new rules require a short and plain statement of the claim, which is sometimes referred to as notice pleadings. 8(a), F.R.C.P.

(f) It is not necessary to set out in detail the acts complained of nor the precise circumstances from which the pleader draws his conclusions.

(g) The purpose of the pleading under the new rules is to facilitate a correct decision on the merits. Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80.

(h) If every element necessary to state a cause of action is set forth in the complaint, summary dismissal of a case for failure to set out evidentiary facts can seldom be justified. United States v. Employing Plasterers' Association, 347 U.S. 186, 189, 74 S.Ct. 452, 98 L.Ed. 618.

Measured by these rules, it is not believed that a summary dismissal of the case against Mr. Dempster at this early stage of the litigation is indicated.

The Government impliedly, if not specifically, concedes in its brief that defendant Dempster is only charged with violation of Section 1 of the Sherman Act (15 U.S.C.A. § 1)[1], while Dempster Brothers, Inc. is charged with violation of both Section 1 of the Sherman Act and Section 3 of the Clayton Act (15 U.S.C.A. § 14)[2].

1. "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal * * *."

2. "It shall be unlawful for any person engaged in commerce, in the course of such commerce, to lease or make a sale or contract for sale of goods, wares, merchandise, machinery, supplies, or other commodities * * * on the condition, agreement, or understanding that the lessee or purchaser thereof shall not use or deal in the goods, wares, merchandise, machinery, supplies, or other commodities of a competitor or competitors of the lessor or seller, where the effect of such lease, sale, or contract for sale or such condition, agreement, or understanding may be to substantially lessen competition or tend to create a monopoly in any line of commerce. * * *"

It is shown in the complaint that Dempster Brothers, Inc., maintains offices in the Eastern District of Tennessee and that defendant George R. Dempster resides in Knoxville. Mr. Dempster is President of the corporation and has been the major stockholder since 1933. He is the owner or the assignor to the corporation of a number of material handling equipment patents. The alleged co-conspirators are designated as the distributors of the handling equipment manufactured by the corporation and other persons unknown to the Government. It is asserted that these parties "participated as co-conspirators with the *defendants* in the violation of Section 1 of the Sherman Act hereinafter charged." (Italics ours.)

The complaint shows that Dempster Brothers, Inc., manufactures and sells loading equipment consisting of a detachable container and truck-mounted hoist which is capable of picking up, hauling and dumping trash, etc. by mechanical operation. The material equipment is used extensively by municipal, state and federal instrumentalities and various private businesses for the removal and disposal of trash, refuse, etc.

It is further shown that Dempster Brothers, Inc., "is the dominant manufacturer of material handling equipment in the United States". It ships handling equipment from its plant in Knoxville in interstate commerce to distributors located throughout the United States and foreign countries.

And that the corporation and Mr. Dempster "own patents and patent rights covering inventions embodied in material handling equipment". The annual sales in the United States exceed $15,000,-000.00.

It is charged that the "defendants have combined and conspired and have been and are now partners to unlawful contracts, agreements and understandings with the co-conspirators to restrain unreasonably the aforesaid interstate and foreign trade and commerce in the manufacture, sale and distribution of material handling equipment in violation of Section 1 of the Sherman Act."

Concert of action among the defendants and the alleged co-conspirators is charged.

Some of the terms of the alleged conspiracy are:

"(1) That the distributors of defendant corporation's product agree not to handle the products of other manufacturers which is competitive with the products of the equipment produced by the defendant corporation; (2) that distributors are allocated certain territories and agree not to encroach upon the territories of other distributors; (3) that distributors agree not to compete with the defendant corporation in the sale of equipment to the Government, or in the sale of equipment destined for points beyond the United States; (4) that the corporation will not sell to prospective purchasers unless they agree to buy both the hoisting units and the detachable containers; (5) that the defendants and the distributors will use the existing and expired patents, as well as pending patent applications, to discourage and harass competitors and potential competitors from manufacturing and selling material handling equipment; (6) that the defendants and distributors will use existing and expired patents, as well as pending applications, to discourage and harass customers and potential customers from purchasing material handling equipment from competing manufacturers."

It is alleged that the conspiracy continues to the present and will continue unless restrained.

The broad discovery rules and pre-trial will give the parties an opportunity to develop all pertinent facts and after this is done, the Court will be in a better position to determine the merits of the case. Dismissal at this time is not justified, especially in view of the admoni-

tion of the Supreme Court in the case of United States v. Employing Plasterers' Association, supra.

An order will be passed to the Clerk overruling the motion.